UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
JUL 27 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED ELECTRONIC IDENTIFYING NUMBER 314-489-0521 | No. 4:18 MJ 7251 SPM<br><br>**FILED UNDER SEAL** |

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A WARRANT TO AUTHORIZE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE

Jonathan Lukowski, being duly sworn, deposes and says that he is a Deputy with the United States Marshal Service (USMS), duly appointed according to law and acting as such.

### Background of Affiant

I, Deputy U.S. Marshal Jonathan Lukowski, have been a member of the U.S. Marshals Service for over seven years. Prior to joining the USMS, I was an Alton Illinois Police Officer for over 6 years. As a member of the USMS, I am tasked with fugitive apprehension and investigations into violations of federal law, among other things.

### Background and Purpose of Affidavit

1. I make this affidavit in support of an application for a warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, that being a cell-site simulator (hereinafter "cell-site simulator") to determine the location of the cellular device assigned electronic identifying number:

**314-489-0521** (hereinafter the "**target cellular device**").

2. The facts alleged in this Affidavit come from my own investigation, my training and experience, and information obtained from other investigators and witnesses. Because of the limited purpose of this Affidavit, I have not included all of the facts known to me or other

agents/officers of the UNITED STATES MARSHAL SERVICE, as well as other federal, state, and municipal law enforcement agencies (hereinafter referred to as "investigative agency(ies)") about this investigation.

3. Based on the facts set forth in the Affidavit, there is probable cause to believe Larry HAYES, the target subject, who is a federal fugitive wanted for a supervised release violation in connection with Cause number 4:14 CR 55 ERW, being a felon in possession of a firearm, has been using the target device. There is also probable cause to believe that locating the target cellular device used by the target subject will assist law enforcement in apprehension of the target subject within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

4. One purpose of applying for this warrant is to determine the target cellular device's location. As described herein, there is reason to believe the target cellular device is currently located somewhere within this district because it was utilized as recently as July 24, 2018, by HAYES for communication purposes within the district.

Further, an order permitting the collection of cell site data, among other information, was authorized by this Court in July 27, 2018. Information collection is on-going.

5. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127(3) & (4). Therefore, the Application and Warrant include all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

### Investigation and Probable Cause

6. On August 22, 2014, Larry HAYES was sentenced to 22 months imprisonment, followed by 2 years of supervised release for being a felon in possession of a firearm. HAYES'

supervision commenced on August 4, 2016. On June 22, 2018, a federal arrest warrant was issued against HAYES for violating conditions of his supervision.

After conducting an investigation into HAYES' background, it was discovered he had been residing with his sister, Kristie TAYLOR, at her residence, 7130 Winchester Drive, St Louis, MO 63121. However once HAYES began violating conditions of his federal supervision, HAYES stopped residing at the aforementioned address. It was also learned that HAYES frequented a long time family residence, 4201 John Avenue, St Louis, MO 63107, almost daily.

On July 25, 2018, Members with the USMS Metropolitan Fugitive Task Force made contact with Alex SNIPES (DOB 7/27/1968). SNIPES stated HAYES was not inside the residence, but he does frequent the residence almost daily. SNIPES also stated HAYES is constantly with different women and does not stay the night at one consistent residence as he is always on the move due to partying.

Members also located HAYES' 18 year old son, Larry HAYES III, who provided me with his father's telephone number, 314-489-0521. I observed HAYES III telephone and observed that he had spoken or attempted to speak to his father, via the above listed telephone number on ten (10) separate occasions over the past 36 hours.

Members with the task force also went to 7130 Winchester Drive, St Louis, MO 63121 and spoke to his sister, Kristie TAYLOR, who corroborated the above information from SNIPES.

7. In addition, I believe that ascertaining the location of the target cellular device used by the target subject through the use of an electronic investigative technique, that being a as cell-site simulator, will constitute and lead to evidence concerning the commission of the subject offense(s). For example, by ascertaining the location of the target cellular device, the investigative

3

agency(ies) will likely be able to determine the location of the person(s) using the target cellular device and likely the target subject.

8. The investigation has demonstrated that the target cellular device is being used by Larry HAYES who is a federal fugitive wanted for supervised release violation for charges of being a felon in possession of a firearm in connection with United States District Court for the Eastern District of Missouri cause number 4:14 CR 55 ERW, for whom a federal arrest warrant was issued in this district on June 22, 2018, and whose whereabouts are currently unknown.

9. It is critical that the investigative team be able to locate and monitor the movements of the target cellular device thereby assisting in the location and arrest of Larry HAYES. Thus, your affiant believes that the requested authorization would be a valuable asset in achieving the overall goals of the investigation.

## Manner of Execution

10. The investigative agency(ies) plan to use the information requested in the attached Application to identify the location of the target cellular device used by the target subject.

11. Based upon discussions I have had with other law enforcement agents and in my training and experience, I am informed that cellular telephones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

12. It is sometimes possible to locate and monitor the movements of a cellular device by directly monitoring signals from the device itself. Such monitoring is accomplished by using a specific form of pen register, which is referred to herein as a cell-site simulator. In particular, a

cell-site simulator mimics, to a degree, the activities of a cell tower. Once the general location of the target cellular device is identified (e.g., using cell site location records or E-911/precision location information), a cell-site simulator can be used in the vicinity of the target cellular device to detect radio signals that are emitted automatically at the time a cellular telephone is turned on, and periodically thereafter as long as the cellular telephone remains on, regardless of whether a call is being made, to communicate with the cellular infrastructure, including cell towers. The cell-site simulator sends signals to nearby cellular devices, including the target cellular device(s), and in reply, nearby cellular devices will broadcast signals that include unique identifiers. These signals contain identifying numbers for the cellular telephone (e.g., the telephone number and Electronic Serial Number (ESN) or International Mobile Subscriber Identification (IMSI) number). The investigative agency(ies) intend to use the cell-site simulator to identify the location from which the target device is operating. Once the subject cellular telephone's signals are identified, the strength of the signal emitted by the subject cellular telephone can be analyzed to ascertain the general direction and location of the signal, which can assist in identifying the general location from which the target cellular telephone is operating, including locating the target cellular telephone in a house, apartment, building or other private space. The investigative agency(ies) and I do not seek, and the cell-site simulators does not intercept, the content of any telephone calls, text messages or electronic communications.

13. The investigative agency(ies) will use the cell-site simulator when they have reason to believe that the target cellular device is present. Investigative agency(ies) will collect the identifiers emitted by target cellular device in multiple locations and/or multiple times at a common location. Through the process, the investigative agency(ies) will use this information to

identify the location of the target cellular device. The cell-site simulator may be used at multiple times during the duration of the warrant that is being requested.

14. As previously described, the target cellular device is currently believed to be located inside the Eastern District of Missouri. Before using the cell-site simulator, the investigative agency(ies) will first take steps to determine that the target cellular device is in the Eastern District of Missouri. Such steps may include physical surveillance, reviewing business records associated with the target cellular device or cell tower records which may be disclosed pursuant to a warrant or order for the disclosure of cell site tower records under Title 18, United States Code, Section 2703(c). Pursuant to Rule 41(b)(2), law enforcement may use the cell-site simulator outside the Eastern District of Missouri provided the target cellular device is within the district when the warrant is issued. After the investigative agency(ies) determine that the target cellular device is in the Eastern District of Missouri, they will seek to further and more specifically locate the target cellular device, including by use of a cell-site simulator, without geographic limitation.

15. The investigative techniques described herein may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law

6

enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

16. None of the investigative techniques that may be employed as a result of the present application and affidavit require a physical intrusion into a private space or a physical trespass. Electronic surveillance techniques such as pen register and cell-site simulator typically have not been limited to daytime use only. Furthermore, the criminal conduct being investigated is not limited to the daytime. Therefore, the fact that the present application requests a warrant based on probable cause should not limit the use of the cell-site simulator to daytime use only. Accordingly, the investigative agency(ies), request the ability to employ the cell-site simulator at any time, day or night.

17. Ascertaining and monitoring of the location of the target cellular device by the methods described herein will begin within ten (10) days of the date of issuance of the requested Warrant and Order.

### Request for Authorization to Use Cell-site Simulator To Capture Signals Emitted by Cellular Telephones

18. Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

19. In light of the foregoing, the Government requests, pursuant to Federal Rule of Criminal Procedure 41 and Title 18, United States Code, Section 3123, that this Court issue a warrant authorizing the investigative agency(ies) to employ a cell-site simulator, described in this affidavit to capture and analyze radio signals, including the unique identifiers emitted by the target cellular device used by the target subject, but not the content of any communications, to determine

the location(s) of the target cellular device for a period of forty-five (45) days following the issuance of the Court's Warrant -- *i.e.,* from July 27, 2018 to September 8, 2018, 11:59 p.m. (CT). The cell-site simulator may capture information related to such cellular telephone(s) when the telephone is located in a protected space such as a residence.

20. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice for a period of six months from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. See 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. See 18 U.S.C. § 3103a(b)(3).

21. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

22. Finally, in light of the ongoing nature of the investigation as reflected in the attached Affidavit, applicant requests that the Applications, the Affidavit, and Warrant be sealed.

_____  7/27/2018
Jonathan Lukowski, Deputy USM     Date

_____  7-27-18
Honorable Magistrate Judge Shirley P. Mensah     Date

8

## ATTACHMENT A

PURSUANT TO AN INVESTIGATION OF:

the cellular device assigned electronic identifying number 314-489-0521 (hereinafter the "**target cellular device** "), and individual known as Larry HAYES for supervised release violations in connection with cause number 4:14 CR 55 ERW, Title 18, United States Code, Section 922(g), felon in possession of ammunition, hereinafter the "subject offense(s)"), the Warrant authorizes UNITED STATES MARSHAL SERVICE and other authorized federal/state/local law enforcement agencies (hereinafter referred to as "investigative agency(ies)") to use an electronic surveillance technique, that being a cell-site simulator (hereinafter "cell-site simulator") for a period of forty-five (45) days following the issuance of this warrant i.e., from July 27, 2018 to September 8, 2018, 11:59 p.m. (CT), at all times of day and night, to determine the location of the target cellular device.

This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. See 18 U.S.C. § 3103a(b)(2).

Ascertaining and monitoring of the location of the target cellular device by the methods described herein will begin within ten (10) days of the date of issuance of the Warrant and Order.

The investigative agency(ies) will make no affirmative investigative use of any identifiers collected from cellular devices other than the target cellular device(s), except to locate the target cellular device(s). Once investigators ascertain the location of the target cellular device, they will end the collection, and any information collected concerning cellular devices other than the target cellular device(s) will be deleted.